UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN DIEGO MUNOZ GIRALDO,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Acting Boston Field Office Director, U.S. Immigrations and Customs Enforcement; ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility; TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement; and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>Respondents. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*  Civil Action No. 1:25-cv-13382-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

<u>MEMORANDUM & ORDER</u>

November 18, 2025

TALWANI, D.J.

  Petitioner Juan Diego Munoz Giraldo is a Colombian national who entered the United States on or about November 4, 2023, at which point Petitioner was arrested and placed in removal proceedings. Pet., Ex. 1 [Doc. No. 1-3]; Pet., Ex. 2 [Doc. No. 1-4]. On November 4, 2023, the Department of Homeland Security released Petitioner from custody on his own recognizance. Pet., Ex. 3 [Doc. No. 1-5]. After Petitioner's release, Petitioner applied for asylum in the United States based on his sexual orientation. Pet. ¶¶ 2, 23 [Doc. No. 1].

  Petitioner alleges, and Respondents do not contest, that federal immigration officials recently arrested Petitioner and placed him in the custody of U.S. Immigration and Customs Enforcement ("ICE"). <u>Id.</u> ¶ 3. Petitioner alleges his arrest took place following a car accident that

resulted in injuries to Petitioner's hand for which Petitioner notes he requires urgent medical treatment. Id. Petitioner is currently detained at the Plymouth County Correctional Facility in Plymouth, MA. Id. ¶ 23.

On November 12, 2025, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] with this court. Petitioner contends that he "is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a)" and that "under 8 U.S.C. § 1226(a), [Petitioner] must, upon his request, receive a custody redetermination hearing[.]" Id. ¶¶ 12–13. In light of Petitioner's injuries, Petitioner requests that he be "immediately released so that he can obtain medical attention for his injuries" and that the court order "Respondents to request a bond hearing to be conducted by an Immigration Judge if they wish to re-detain [Petitioner]." Id. ¶ 5.

Respondents concede that "the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), Elias Escobar v. Hyde, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), and Maza v. Hyde, __ F. Supp. 3d __, 2025 WL 2951922 (D. Mass. Oct. 20, 2025)." Respondents' Abbrev. Resp. 1 [Doc. No. 6] (cleaned up).

Though Respondents note their disagreement with these decisions, "Respondents acknowledge that, should the Court follow its reasoning in Doe, [Elias] Escobar, and Maza, it would likely reach the same result here." Id.

Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe remains correct and that Petitioner's detention is governed by 8 U.S.C. § 1226. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change

the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (D. Mass. Oct. 20, 2025) (citing cases reaching the same conclusion).

Further, Respondents do not respond to Petitioner's claim of untreated injuries in their Abbreviated Response [Doc. No. 6]. The one paragraph response does not address whether the alleged injuries are ongoing, and whether Petitioner is receiving adequate care while in custody.

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows. In light of Petitioner's alleged injuries, Respondents are ordered to release Petitioner from custody before 4:00 p.m. tomorrow, November 19, 2025. If Respondents seek to re-detain Petitioner, they shall first notice and hold a bond hearing pursuant to 8 U.S.C. § 1226(a). Petitioner is ordered to attend any such bond hearing.

Respondents are further ORDERED to file a status report within 10 days of this Order notifying the court whether a bond hearing was sought, noticed, and held, and if so, whether Petitioner was granted bond or if Petitioner's request for bond was denied. Any decision by the immigration judge to re-detain Petitioner following a bond hearing shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

November 18, 2025                               /s/ Indira Talwani
                                                United States District Judge